the order which was granted upon her petition. I therefore concur in the opinion which recommends a reversal of the order made by the county judge of Erie county.

(39 App. Div. 183.)

GROBE v. ERIE COUNTY MUT. INS. CO. et al.

(Supreme Court, Appellate Division, Fourth Department. March 22, 1899.)

1. INSURANCE—MUTUAL AND STOCK COMPANIES—PLEADING.
 In a complaint to restrain a mutual insurance company from changing to a stock company, an allegation that on a certain date the company was organized under the statutes relating to mutual insurance companies is deemed an allegation that it was incorporated under the general acts then in force, as the constitution prohibited incorporation under a special act except where the objects of the corporation could not be otherwise attained.

2. SAME—STATUTES CHANGING MUTUAL TO STOCK COMPANY—CONSTITUTIONALITY.
 Laws 1892, c. 690, § 125, being in substitution of Laws 1862, c. 367, § 4, amending Laws 1853, c. 466, § 18, provided that a mutual insurance company might change to a joint-stock company, with the consent of two-thirds of the members. Laws 1896, c. 850, provides that the change may be made on consent of the superintendent of insurance, and by a three-fourths vote of the president and directors. Const. 1846, art. 8, § 1, provided that all general and special laws under which a corporation might be formed could be altered from time to time or repealed. *Held,* that Laws 1896, c. 850, is not unconstitutional, as depriving a member of any property right.

3. SAME.
 Laws 1896, c. 850, amending Laws 1892, c. 690, § 125, and providing that, when a mutual insurance company changes to a stock company, every existing member shall have priority in subscribing to the stock, is not unconstitutional because some of the members are unable or unwilling to take stock.

4. SAME—VOTE BY PROXY—AMENDMENT OF ARTICLES—VALIDITY.
 Under Laws 1892, c. 687, § 21, allowing members of corporations, except religious corporations, to vote by proxy, an amendment of the articles of a mutual insurance company so as to allow voting by proxy is valid, though part of a scheme to change the company to a stock corporation.

Appeal from special term.

Action by John Grobe against the Erie County Mutual Insurance Company and others. From a judgment entered on a decision sustaining a general demurrer to the complaint (53 N. Y. Supp. 628), plaintiff appeals. Affirmed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, and McLENNAN, JJ.

Frank Brundage and A. J. Robertson, for appellant.
John Cunneen, for respondents.

FOLLETT, J. This action was begun July 30, 1896, to recover a judgment restraining the defendant from converting the Erie County Mutual Insurance Company into a stock corporation, pursuant to section 125 of chapter 690 of the Laws of 1892,—the Insurance Law (2 Rev. St. [Banks' 9th Ed.] p. 1184),—as amended by chapter 850 of the Laws of 1896 (5 Rev. St. [Banks' 9th Ed.] p. 3827). The Erie County Mutual Insurance Company was incorporated March 14,

1874, pursuant to chapter 466 of the Laws of 1853, and the acts amendatory thereof and supplementary thereto. It is not specifically alleged in the complaint that the corporation was incorporated under these statutes, but it is alleged that March 14, 1874, it was "duly organized under the statutes relating to the formation of mutual fire insurance companies of the state of New York," which must be deemed equivalent to an allegation that it was incorporated under that chapter and the acts amendatory thereof and supplementary thereto; for these statutes were the only ones under which the corporation could have been incorporated, unless it had been under a special act of the legislature, which is not to be presumed, as the constitution of 1846 provided for the passage of general laws under which such corporations should be created. By section 18 of chapter 466 of the Laws of 1853 (the general act for the incorporation of insurance companies), a method was provided by which mutual fire insurance companies "heretofore incorporated under the laws of this state, or organized under this act," could be changed to stock insurance corporations, which provision was amended by the fourth section of chapter 367 of the Laws of 1862 (3 Rev. St. [Banks' 8th Ed.] p. 1646), and, when this company was incorporated, read as follows:

"Any mutual insurance company heretofore incorporated or organized under any of the laws of this state, having surplus assets aside from premium and stock notes, sufficient to reinsure all its outstanding risks, after having given notice once a week for six weeks, of their intention, and of the meeting hereinafter provided for, in the state paper, and in a newspaper published in the county where such company is located, may, with the consent of two-thirds of the corporators or members present at any regular annual meeting, or at any special meeting duly called for the purpose, or with the consent in writing of two-thirds of the corporators or members of such company, and the consent also of three-fourths of the trustees or directors, (unless otherwise provided in the charter) become a joint-stock company, by conforming its charter to and otherwise proceeding in accordance with this act; and every member of such company, on the day of said annual or special meeting, or the date of said written consent, shall be entitled to priority in subscribing to the capital stock of said company, for one month after the opening of the books of subscription to such capital stock, in proportion to the amount of cash premiums paid in by such members, on unexpired risks in force on the day of said annual or special meeting or the date of said written consent; and every company so extended or changed, shall come under the provisions of this act, in the same manner as if it had been incorporated originally under this act."

This provision remained unchanged until 1892, when it was repealed by chapter 690 of the Laws of 1892; and section 125 of that chapter was substituted in its place (2 Rev. St. [Banks' 9th Ed.] p. 1184), which did not materially change the original provision. By chapter 850 of the Laws of 1896, section 125 was amended by providing that the change from a mutual to a stock corporation may be made upon the consent of "the superintendent of insurance giving his consent thereto, and the president and directors thereof, by three-fourths vote decide to so do, so amend the charter thereof as to convert the same into a stock corporation." By this amendment the requirement of the consent of two-thirds of the members of such corporation was abrogated. It is not alleged in the complaint that the statutory requirements to change the corporation from a mutual

to a stock corporation were not strictly complied with, but the theory of the complaint is that the change was effected pursuant to the amended section, which it is urged is unconstitutional, and that the change is in violation of the rights of the plaintiff, a member of the Erie County Mutual Insurance Company.

Since 1846 the constitution of this state has provided:

"Corporations may be formed under general laws; but shall not be created by special act, except for municipal purposes, and in cases where, in the judgment of the legislature, the objects of the corporation cannot be attained under general laws. All general laws and special acts passed pursuant to this section may be altered from time to time or repealed." Const. art. 8, § 1.

Pursuant to this provision, the statutes under which this corporation was organized, and by which it must be controlled, were passed; and every person who became a member of the corporation did so with full knowledge that it might be at any time changed from a mutual to a stock corporation, upon certain terms and conditions, and that under this provision of the constitution those terms might at any time be changed by the legislature. A member of this corporation has no definite property interest which can be ascertained and recovered, except those interests created by contract. The assets belong to the corporation, and no member has any interest in any aliquot part thereof, and the unascertained interest of a mere policy holder is quite insufficient to sustain an equitable action brought to prevent the corporation from doing what the statute authorizes it to do. To permit corporations to be managed by suits in equity instituted in the interests of persons holding such indefinite rights would produce intolerable confusion, and end substantially in the destruction of such enterprises. The case at bar is quite different from an action brought by a member of a corporation who seeks to enforce by an action some definite right secured to him by a contract with the corporation.

I am unable to see on what theory chapter 850 of the Laws of 1896, or any of the preceding similar statutes, can be successfully challenged as unconstitutional. These statutes do not deprive any member of a mutual insurance company of any property right; for, as before stated, the assets of the corporation belong to it, and not to the members, and are to be administered, pursuant to the statutes, for the mutual benefit of all existing and new members. These statutes confer equal rights on all members to become stockholders in the new joint-stock corporation, and share in the benefits. The mere fact that some of the existing members may be unable or unwilling to take the offered interest in the stock corporation does not produce an unconstitutional result. It has, I think, never been contended that a provision that shareholders in a corporation may subscribe for new shares, upon favorable terms, within a time limited, is unlawful as against shareholders unable or unwilling to take up new shares allotted to them, because, by carrying out the scheme, surplus assets of the corporation are, in effect, divided among those who take up new shares, and not among shareholders who neglect to take up new shares.

In the fourth subdivision of the complaint it is alleged that prior

to November 9, 1895, the twelfth article of the articles of association provided that "voting by proxy shall not be allowed," and that on that date the articles were covertly changed so as to permit members entitled to vote to do so by proxy, which was a step in the scheme to change the corporation from a mutual to a stock corporation. Chapter 188 of the Laws of 1851 (3 Rev. St. [Banks' 8th Ed.] p. 1653) provided: "No member of any mutual fire insurance company, organized under the laws of this state, shall be allowed to vote by proxy for a director, or directors, of any such company." This was repealed by chapter 690 of the Laws of 1892, and it was provided by section 21 of chapter 687 of the Laws of 1892 (the General Corporation Law) that members of all corporations, except religious corporations, may vote by proxy. Whatever intent may have induced the change in article 12, it was in accordance with the statutes of this state.

The other allegations contained in the complaint are no more efficient than the one last referred to, and it seems to me to be very clear that the facts alleged in the complaint are insufficient to constitute a cause of action; and the judgment sustaining the demurrer should be affirmed, with costs. All concur.