## PAVIK v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. December 11, 1924.)

No. 3426.

Intoxicating liquors ⬤➝231—Evidence of alcoholic content of liquor seized held admissible.

Where evidence introduced without objection showed the issuance and service of a valid search warrant, evidence of the alcoholic content of liquor seized thereunder was admissible.

In Error to the District Court of the United States for the Eastern District of Wisconsin.

Criminal prosecution by the United States against Paul Pavik. Judgment of conviction, and defendant brings error. Affirmed.

A. W. Richter, of Milwaukee, Wis., for plaintiff in error.

Roy L. Morse, U. S. Atty., of Milwaukee, Wis.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

EVAN A. EVANS, Circuit Judge. From a judgment pronounced upon his conviction of manufacturing and possessing intoxicating liquor, defendant prosecutes this writ of error. His only assigned error is the reception of evidence showing the alcoholic content of certain liquor taken from him on the occasion of a search. The evidence in the case is conclusive of defendant's guilt; it is undisputed, and, aside from the objectionable testimony, would have amply supported the verdict.

Respecting the ruling upon the evidence to which objection was made, we find that, prior to the offer of this proof, three prohibition agents, without objection, testified to having gone to defendant's place, armed with a search warrant and accompanied by the United States marshal, who served the warrant upon defendant, and, upon such service being made, defendant notified the agents that he had a still in operation in his cellar

and took them to it; that large quantities of mash and other material were found in more or less completed state of manufacture; that defendant admitted to them that he had done wrong, but excused himself by saying that he wanted the large profit which he could make out of this illegal business that he might the sooner pay off a mortgage on his place. The government's agents took a sample of the liquor and had it analyzed. All this testimony was received without objection.

When the chemist, however, was sworn, and he was about to make a statement of the alcoholic content of the samples turned over to him, an objection was made. The testimony received without objection so conclusively established defendant's guilt that further proof was entirely unnecessary. It was properly received, however, for, regardless of who has the burden of proving the existence of a valid search warrant in case of objection, the evidence already received in this case showed the existence of a search warrant, a service thereof, and a search thereunder. It was then proper to show the contents of the liquor seized at the time of the search.

We cannot close the discussion of this case without suggesting to the legal profession the impropriety of prosecuting writs of error in criminal cases solely for the purpose of the delay. Such conduct upon the part of an attorney, particularly if repeated, will not only justify, but necessitate, the revocation of the order permitting him to practice in this court.

The judgment is affirmed.