**NICHOLSON et al. v. UNITED STATES.**

(Circuit Court of Appeals, Seventh Circuit.
May 29, 1925.)

No. 3482.

1. **Criminal law ☞394 — Intoxicating liquors ☞249—Observations of prohibition agents, while on premises without warrant, held to warrant issuance of search warrant.**

Where prohibition agents, trained to detect intoxicating liquor, and especially beer, observed steam rising from engine room of brewery, and smoke from smokestack, and detected strong odors of hop and mash and beer, the fact that their information was obtained while on premises without search warrant, for purpose of requesting admission, did not prevent use thereof in obtaining search warrant, and evidence obtained thereunder was admissible.

2. **Criminal law ☞395 — Intoxicating liquors ☞249 — Search warrant not required for seizure of carload of liquor, and evidence obtained admissible.**

Carload of intoxicating liquor could be searched and seized without a warrant, while being transported, and could be used in evidence, in prosecution for violation of prohibition law.

Error to the District Court of the United States for the Eastern District of Illinois.

Edward J. Nicholson and others were convicted of violating the National Prohibition Act, and they bring error. Affirmed.

Charles A. Karch, of East St. Louis, Ill., for plaintiffs in error.

Lawrence T. Allen, of Danville, Ill., for the United States.

Before EVANS, PAGE, and ANDERSON, Circuit Judges.

EVAN A. EVANS, Circuit Judge. Plaintiffs in error were convicted on four counts of an indictment charging them with having unlawfully (a) manufactured intoxicating liquor; (b) transported intoxicating liquor; (c) possessed intoxicating liquor; and (d) maintained a nuisance in violation of the National Prohibition Act (Comp. St. Ann. Supp. 1923, §§ 10138¼ et seq.).

[1] One assignment of error only will we consider. It deals with evidence secured through a search. Six hundred barrels of 4.7 per cent. beer were obtained at the brewery, and a carload was taken while in transportation. Defendants were conducting a brewery, and apparently doing a thriving business, when two prohibition agents visited their premises and asked for the privilege of inspection. The request was refused. The agents thereupon appeared before a court commissioner and secured a search warrant.

The facts recited in the affidavit upon which the search warrant was granted were sufficient to justify its issuance. But it is insisted that such facts were obtained under circumstances which prohibited their use either upon the trial or in securing a search warrant. In other words, the prohibition agents, when they went to the brewery and asked for permission to inspect the premises, and were refused such permission, observed that there was steam rising from the engine room, smoke coming from the smokestack, and the odors of hop and mash and beer were strong and incriminating.

The information upon which search warrants are secured may come from any source. The olfactory as well as the optic nerves are a dependable source of such information. It is not necessary that written documentary evidence be obtained, nor confessions secured. Plaintiffs in error were obviously conducting a brewery, and the prohibition agents were trained to detect the presence of intoxicating liquor, particularly that known as beer. They were qualified to state what they observed, from which the commissioner was required to find, and did find, probable cause to believe that intoxicating liquor was being manufactured upon the premises described in the warrant.

In fact, the sufficiency of this evidence is not questioned. Rather does plaintiff in error rely upon his objection that such evidence was privileged, or at least not usable, to obtain a search warrant. Counsel states his position as follows:

"The affidavit upon its face shows that the affiant gained whatever knowledge he had of the facts and circumstances on the premises, and it was gained by his unlawful intrusion on such premises, and thereby cannot be employed as the basis of an affidavit to authorize the issuance of a search warrant."

Silverthorne Lumber Co. v. United States, 251 U. S. 385, 40 S. Ct. 182, 64 L. Ed. 319, is cited as authority for this position, but we find nothing in this decision that supports counsel's contention. As a matter of fact, the agents were not unlawfully upon the premises. It is true they had no right to search the premises without a search warrant, except upon invitation of the owners. They were not only justified in making an inspection, but their duties required them to do so. To ascertain whether they had the owner's consent, they presented themselves at the door of the brewery. Admission was promptly refused, and they then proceeded to secure the search warrant. The facts which led them to believe that the law was

being violated were related to the commissioner, and we perceive no grounds for objecting to the evidence thus acquired while they were engaged in ascertaining whether the owners would consent to the inspection.

[2] It is also contended that a carload of intoxicating liquor, shipped by defendants and in the course of transportation, was illegally seized, and the contents of the numerous barrels thus taken disclosed upon the trial. The prohibition agents, having found that a carload of intoxicating liquor was being transported, seized it without a warrant. It was not necessary to secure a search warrant in order to search moving freight. George Carroll and John Kiro v. United States (decided March 2, 1925) 267 U. S. 132, 45 S. Ct. 280, 69 L. Ed. ——; Milam v. United States (C. C. A.) 296 F. 629; Ash v. United States (C. C. A.) 299 F. 277; United States v. Vatune (D. C.) 292 F. 497; United States v. Westmoreland Brewing Co. (D. C.) 294 F. 735.

The evidence discloses a most flagrant violation of law. The assignments of error are all frivolous. Good faith in the prosecution of this writ of error cannot be presumed. What we said in the last paragraph of Pavik v. United States, 4 F.(2d) 250, is once more called to the attention of the bar.

The judgment is affirmed. The mandate will issue forthwith.