**ANDREWS et al. v. EQUITABLE LIFE ASSUR. SOC. OF UNITED STATES et al.**

**No. 7541.**

Circuit Court of Appeals, Seventh Circuit.
Nov. 15, 1941.

Rehearing Denied Jan. 12, 1942.

David H. Caplow and Sol Andrews, both of Chicago, Ill., for appellants.

Walter H. Eckert, Tom Leeming, Owen Rall, Wendell J. Brown, and Jos. W. Townsend, all of Chicago, Ill., Wm. Marshall Bullitt, of Louisville, Ky., and Geo. B. Christensen, Nathaniel Rubinkam, Arthur M. Cox, Lester G. Britton, Edward R. Johnston, Albert E. Jenner, Jr., Frederic Burnham, Miles G. Seeley, Gerald Grashorn, Hoyne, O'Connor & Rubinkam, Winston, Strawn & Shaw, and Scott, MacLeish & Falk, all of Chicago, Ill. (Mayer, Meyer, Austrian & Platt, Poppenhusen, Johnston, Thompson & Raymond, Eckert & Peterson, Pam, Hurd & Reichmann, and Winston, Strawn & Shaw, all of Chicago, Ill., of counsel), for appellees.

Before EVANS, MAJOR, and MINTON, Circuit Judges.

MINTON, Circuit Judge.

Fifteen plaintiffs filed fifteen separate suits against fifteen mutual life insurance companies, each plaintiff claiming to represent in each suit all others who were similarly situated with respect to the defendant, and praying for an accounting and distribution of the proportionate shares of an alleged common interest in undistributed surplus funds held by the respective companies, which were accumulated during the plaintiffs' memberships in said companies.

Motions to dismiss were filed by the defendant and sustained in the District Court, and each of the complaints was dismissed. The causes being similar and each plaintiff's complaint stating essentially the same cause of action, the fifteen suits were

consolidated, and are before us as one appeal. Our decision in one case will therefore dispose of all, and in our opinion we shall therefore treat them as one case.

Plaintiff alleges he is a citizen and resident of Illinois, and the defendant is a non-resident; that the defendant is a mutual insurance company; that the plaintiff is a former policyholder and member of the company, and during the life of the policies issued to him by the defendant, the premiums were paid as long as the policies remained in force.

The plaintiff alleges that a surplus fund was accumulated by the defendant in excess of the legal reserve, and that this surplus belongs in equity to all the members who contributed to the same in proportion to their respective contributions, and the earnings thereon, during the time they were members of the defendant company, and that by the payment of premiums on the policies, the plaintiff contributed to this fund, which now amounts to several million dollars.

It is further alleged that other policyholders likewise paid premiums on their policies until they either lapsed, were cancelled, or were surrendered, and they likewise contributed to the surplus fund, and the plaintiff alleges that he brings the suit for himself and others in like situation.

He alleges that this fund is held by the defendant in trust for him and others he purports to represent. The complaint asks for an accounting, the appointment of a receiver, and the distribution of the funds according to the interests of the parties therein.

We are met at the threshold of this case with a challenge to the jurisdiction of this court. Defendant, by its motion to dismiss, raises the question of the right of the plaintiff to claim the size of the fund in question as the measure of the jurisdictional amount of $3,000. It is admitted that no plaintiff's claim of itself equals the jurisdictional amount or is even close to it. The plaintiff's position is that his claim when aggregated with the claims of thousands of other policyholders into a common fund far exceeds the jurisdictional amount, and as this is a suit not only by the plaintiff but for others in a like situation, the jurisdictional amount is present.

The question therefore is: May the plaintiff aggregate his claim with the claims of others he purports to represent in order to make up the jurisdictional amount? We do not think so.

■■ The right of the plaintiff and his alleged class to do so will depend upon the nature of their claim against this fund and not the size of the fund. The plaintiff contends that his right is joint with others in the alleged class, and grows out of a relationship that comes from their membership in a mutual company. In our opinion, the rights of the plaintiff and the persons he purports to represent all stem from their policies in the defendant company. A copy of one of the policies is filed with the complaint as an exhibit. It therefore becomes a part of the complaint and may be properly considered in determining sufficiency thereof. Pelelas v. Caterpillar Tractor Co., 7 Cir., 113 F. 2d 629-631, 632. The policy provides that it and the application attached thereto constitute the whole contract between the parties. Whatever rights a member of a mutual company has are delineated by the terms of the contract, and come from it alone.

In Equitable Life Assurance Society v. Brown, 213 U.S. 25-47, 29 S.Ct. 404, 411, 53 L.Ed. 682, the Supreme Court said: "We also think there is no ground for the contention on the part of the complainant that he, as a policy holder, had any right to an accounting, and to compel the distribution of the surplus fund in other manner, or at any other time, or in any other amounts than that provided for in the contract of insurance."

In Brown v. Equitable Life Assurance Society, 142 F. 835-839, which was the opinion affirmed by the Supreme Court in the case just cited above, the Circuit Court for the Southern District of New York said: "The rights and liabilities out of such a relationship spring entirely from the contract and are simply those of creditor and debtor. Such is the uniform holding of the decisions."

In Grobe v. Erie County Mutual Insurance Company, 39 App.Div. 183, 57 N. Y.S. 290, 292, speaking of the rights of a policyholder in a mutual company, the court said: "A member of this corporation has no definite property interest which can be ascertained and recovered, except those interests created by contract. The assets belong to the corporation, and no member has any interest in any aliquot

part thereof, and the unascertained interest of a mere policy holder is quite insufficient to sustain an equitable action brought to prevent the corporation from doing what the statute authorizes it to do. * * *"

In Greeff v. Equitable Life Assurance Society, 160 N.Y. 19–31, 54 N.E. 712, 714, 46 L.R.A. 288, 73 Am.St.Rep. 659, we have a case directly in point because the plaintiff there sued for a distribution of a proportionate share of the defendant's accumulated surplus, as the plaintiff does in this suit. The court held: "The plaintiff's claim, that the whole surplus should be distributed, cannot be sustained, if it is in conflict with the provisions of the contract between the parties, without making a new contract for them, which the court will not do. Therefore this question depends for its solution upon a proper interpretation of the provisions of the policy. * * *"

The plaintiff says he does not depend for his rights upon the policy, as the parties did in the cases cited above. If the plaintiff depends upon anything but his rights under the contract contained in the policy, he depends upon something that does not exist.

Enough has been said to indicate what we think to be the nature of the plaintiff's claim. Since his claim, as we hold, stems from the contract, and that of the persons he purports to represent would likewise, their claims are several. They are not related to or dependent upon each other in any manner, but each arises out of a separate and distinct contract with the defendant.

In determining whether or not such claims can be aggregated for the purpose of determining the jurisdictional amount, the question to be decided is not whether there is a common fund large enough to meet the test. The question is the nature of the plaintiff's claim in and to that fund. If the claims of the plaintiff and the persons he purports to represent are joint, they may be aggregated to make the jurisdictional amount.

The size of the fund may then control. But where the claims, as in the case at bar, are several as against the fund, then the claims cannot be aggregated to make the jurisdictional amount. The decisions are clear on this point. In the case of Eberhard v. Northwestern Mutual Life

Insurance Co., 6 Cir., 241 F. 353, 355, the facts were very similar to the facts in this case. Three policyholders had filed a bill on behalf of themselves and all others similarly situated, in which it was alleged that a fund had been created by premiums paid in excess of the cost of insurance and by the amounts paid in by policyholders who did not survive the periods covered by their respective policies, or who had forfeited their policies or right of participation in the fund, by nonpayment of premiums. The plaintiffs asked for an accounting of the fund and a distribution on a proportionate basis. The fund amounted to several million dollars, and it was alleged to be held by the company in trust for the plaintiffs and holders of similar policies.

The defendant moved to dismiss the complaint and the lower court sustained the motion. The Circuit Court of Appeals affirmed it solely on the ground that the District Court was without jurisdiction. In that case the plaintiffs contended, just as the plaintiff does here, that the fund rather than the amount of each individual claim determined the jurisdiction. The court rejected this contention, saying: "It cannot be doubted that such rights as each policyholder has depend upon his contract with the insurance company and are measured by its terms. The policy is an agreement to pay its holder a computable sum of money upon certain conditions. His interest does not depend upon, and is not related to, the interest of any other policyholder similarly situated. True, there is some relation between the total number of qualified policyholders and the amount each will receive, but this mutual relationship is remote from that common interest which requires the claims of all to be jointly litigated, in order to ascertain the particular sum to which any one is entitled. The rights of policyholders are not derived from the same, or a common, title. The right each has in the fund is based upon the separate, distinct contract each has with the company with respect thereto. The sole matter in dispute is between the defendant and each complainant, as to the amount the latter shall recover. Each policyholder has no demand upon any other; his demand is against the defendant alone, and what he may receive from the defendant can in no way affect the claims of others. The policyholders' claims to the fund are several, and not joint, and the

amount payable to each depends upon his contract alone. * * *"

This case was cited with approval and twice followed in this court. Robbins v. Western Automobile Insurance Co., 4 F. 2d 249; Woods v. Thompson, 14 F.2d 951. In the Robbins case the plaintiffs, residents of Illinois, sued the defendant, a Kansas corporation, in the Superior Court of Cook County, Illinois, on behalf of themselves and others similarly situated, to enforce their claims arising out of insurance policies issued to them (the policies having been cancelled) and to distribute a certain fund that had been accumulated by the defendant from the premiums paid in by the policyholders. The case was removed by the defendant to the Federal Court. A motion to remand was denied. Answer was filed, and the case went to trial, and the defendant got judgment. The plaintiffs' appeal attacked the jurisdiction of the Federal Court. It was conceded that none of the plaintiffs had paid a premium in excess of $200. Judge Evans, speaking for the court, said [4 F.2d 250]: "Plaintiffs' claims are separate and distinct, and, in order that the federal court may acquire jurisdiction, the claim of one plaintiff should exceed $3,000. * * *" and upon the authority of Eberhard v. Northwestern Mutual Life Insurance Company, supra, Judge Evans rejected the contention of the defendants that the size of the fund which was in excess of the jurisdictional amount controlled, and held that the District Court was without jurisdiction, and ordered the case remanded to the state court.

In the Woods case, two suits were brought by former policyholders of the Illinois Bankers Life Association. The policyholders contended that "members of an assessment insurance association * * * have common and undivided interests in the assets thereof * * *." [14 F.2d 952.] They argued they had a common and undivided interest in a trust fund held for them and more than 60,000 other policyholders, and that they might aggregate their claims to this trust fund for jurisdictional purposes. Judge Anderson rejected this contention, and held that the matter in controversy was the interest and claim of each policyholder, and that the claim of each was separate and distinct. Judge Anderson said [14 F.2d 952]: "Appellees' cases are not helped by the averments that they are class suits, brought by them on behalf of themselves and of other policy holders. The practice of allowing suits to be so brought for convenience and economy does not affect the question under discussion. So far as concerns the relation of the appellees to the company as policy holders and members of it and their relation to its funds and assets, we are not able to perceive, and there has not been pointed out to us, any substantial difference between the instant cases and Robbins v. Insurance Co. and Eberhard v. Insurance Co., supra. Every contention as to the aggregation of the several claims, and as to the amount of the trust fund determining the amount in controversy, is concluded by these decisions, and nothing would be gained by repeating the reasons and conclusions stated in them. * * *"

From what we have said, it follows that the District Court was without jurisdiction, and the motion to dismiss was properly sustained.

The case is affirmed, and with it the fourteen other cases consolidated in this appeal.