The order of the district court will be affirmed.

Jose Aramis **ALVAREZ**, Individually, and in behalf of all those similarly situated, Appellant,

v.

**PAN AMERICAN LIFE INSURANCE COMPANY**, Appellee.

Augustin Goytisolo **RECIO**, Individually, and in behalf of all those similarly situated, Appellant,

v.

**PAN AMERICAN LIFE INSURANCE COMPANY**, Appellee.

**Nos. 22761, 22902.**

United States Court of Appeals
Fifth Circuit.

March 27, 1967.

Joseph A. McGowan, Carey, Terry, Dwyer, Austin, Cole & Stephens, Miami, Fla., for appellants.

Sam Daniels, James A. Dixon, Dixon, DeJarnette, Bradford, Williams, McKay & Kimbrell, Miami, Fla., for appellee.

Before WISDOM, BELL and GODBOLD, Circuit Judges.

BELL, Circuit Judge.

These diversity cases, consolidated for appeal, were brought as class actions under old Rule 23, F.R.Civ.Procedure. Alvarez and Recio claimed relief for themselves and other Cuban refugees similarly situated against appellee, a mutual insurance company. Both actions were dismissed under the diversity statute for lack of the jurisdictional amount. 28 U.S.C.A. § 1332. These appeals followed.

■ We affirm. In so doing we conclude that new Rule 23, adopted July 1, 1966, is applicable to these cases. However, we hold further that this rule is of no avail to appellants as it does not abrogate the well settled principle that separate and distinct claims may not be aggregated to make the jurisdictional amount even in a class action.

Although the cases differ factually, the aggregation principle is dispositive in both cases. Recio owned an insurance contract issued by appellee in the amount of $1,000.00. The Castro government expropriated appellee's assets in Cuba and, for this reason, payment on the contract in question was refused. Recio sued appellee in the Florida state courts and recovered all benefits then due under the contract. His federal suit is based on a claim that a perseverance bonus accrued later under the contract. His suit was for the amount due him, less than three hundred dollars, and such sums as were due other Cuban Nationals holding contracts with similar bonus provisions. The class was said to include more than five thousand such contract holders. The bonus clause required an annual payment of from two to six dollars into a fund to be paid only to those who lived for twenty years, i. e., those who persevered.

Alvarez was the holder of an insurance contract with appellee in the amount of $5,000.00. He sought his contract rights and those of all other Cuban National policyholders similarly situated. He alleged that appellee had denied him all benefits due under the contract including loan and cash surrender values.

■ Apparently aware of the principle that separate claims may not be aggregated, the tenor of the complaint was directed toward the insurance company assets from which the bonus payments would be made, in the case of Recio; and toward the assets as well as other contract rights such as voting, in the case of Alvarez. Recio alleged a conversion of the perseverance fund, sought the appointment of a receiver, an accounting, and to impress the fund with a trust. He did not specifically seek the sum due him but the record shows without dispute that he had never requested anything more of the insurance company than such sum as might be due him under the bonus plan. We hold that he was seeking the sum due him and such sums as may have been due others of the asserted class similarly situated.

Alvarez alleged a conversion of the total of the sums due all Cuban Nationals in the class, and a refusal to extend voting privileges due under a mutual insurance contract to him and his class. He sought an accounting, and an injunction requiring that appellee re-establish his interest and that of the class on its books, and that all claims be honored. This too was nothing more than a claim on behalf of each contract holder in the class for whatever might be due under the respective contracts.

The separateness of the claims of each contract holder is established by the case of Troup v. McCart, 5 Cir., 1956, 238 F.2d 289, a class action, where prayers substantially as these were treated, by giving effect to substance over form, as a prayer for payment of sums due under individual insurance contracts. That case, in turn, rested on Eberhard v. Northwestern Mutual Life Ins. Co., 6 Cir., 1917, 241 F. 353; and Andrews v. Equitable Life Assur. Soc., 7 Cir., 1941, 124 F.2d 788, both of which involved prayers of the same nature. These cases all stand for the proposition that rights due under an insurance contract are those of creditor and debtor, and are several and distinct from claims which other contract holders may have against the

same insurance company. The claims of the separate contract holders are not related to or dependent upon each other. Each case holds that the separate claims may not be aggregated to make the jurisdictional amount required under the diversity statute, § 1332, supra. See also Matlaw Corporation v. War Damage Corporation, 7 Cir., 1947, 164 F.2d 281; and Knowles v. War Damage Corporation, 1948, 83 U.S.App.D.C. 388, 171 F.2d 15.

These holdings are in accord with the long line of Supreme Court decisions to the effect that separate and distinct demands of two or more plaintiffs, unlike several plaintiffs uniting to enforce a right or title which they hold in common, may not be aggregated to make the jurisdictional amount. Lion Bonding & Surety Co. v. Karatz, 1923, 262 U.S. 77, 43 S.Ct. 480, 67 L.Ed. 871; Pinel v. Pinel, 1916, 240 U.S. 594, 36 S.Ct. 416, 60 L.Ed. 817; Troy Bank of Troy, Ind. v. G. A. Whitehead & Company, 1911, 222 U.S. 39, 32 S.Ct. 9, 56 L.Ed. 81; Clay v. Field, 1891, 138 U.S. 464, 11 S.Ct. 419, 34 L.Ed. 1044; Stratton v. Jarvis & Brown, 1834, 8 Peters (33 U.S.) 4, 8 L.Ed. 846. See also Alfonso v. Hillsborough County Aviation Authority, 5 Cir., 1962, 308 F.2d 724; and 1 Moore's Federal Practice (2nd ed.), pp. 889–893; 1 Barron & Holtzoff, Federal Practice and Procedure (Wright ed.), pp. 114–117; and 2 Barron & Holtzoff, Federal Practice and Procedure (Wright ed.), pp. 321–324.

Appellants would avoid this jurisdictional obstacle by asserting Rule 23, F.R. Civ.P., as a jurisdictional base in each case. They properly read old Rule 23 as permitting aggregation if there is a true class action but their contentions that these were such actions were overruled in the District Court. Alfonso v. Hillsborough County Aviation Authority; Troop v. McCart; and Knowles v. War Damage Corporation, all supra, support the District Court in this respect. Each teaches that these were spurious class actions under 23(a) (3); hence aggregation was not in order. We need not dwell on this problem, however, since we are of the view that it would not be inappropriate to apply new Rule 23 and we will apply it *arguendo*. The new rule has discarded the trichotomy developed under the old rule of treating class actions as either true, hybrid, or spurious.

There is a sound basis for applying new Rule 23. On February 28, 1966, the Supreme Court entered its adopting order which included new Rule 23. That order provided in pertinent part:

"That the foregoing amendments * * * to the Rules of Civil Procedure shall take effect on July 1, 1966, and shall govern all proceedings in actions brought thereafter and also in all further proceedings in actions then pending, except to the extent that in the opinion of the court their application in a particular action then pending would not be feasible or would work injustice, in which event the former procedure applies." 384 U.S. 1029, 1031 (1966).[1]

The Advisory Committee's Note on the new rules, 39 F.R.D. 98, points out that the true category, rule 23(a) (1), under old Rule 23[2] was defined as involving joint, or common, or secondary rights;

---

1. On the application of the injustice test, cf. Klapprott v. United States, 1949, 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266.

2. Old Rule 23:

(a) Representation. If persons constituting a class are so numerous as to make it impracticable to bring them all before the court, such of them, one or more, as will fairly insure the adequate representation of all may, on behalf of all, sue or be sued, when the character of the right sought to be enforced for or against the class is

(1) joint, or common, or secondary in the sense that the owner of a primary right refuses to enforce that right and a member of the class thereby becomes entitled to enforce it;

(2) several, and the object of the action is the adjudication of claims which do or may affect specific property involved in the action; or

(3) several, and there is a common question of law or fact affecting the several rights and a common relief is sought.

the hybrid category, rule 23(a) (2), as involving several rights related to specific property; and the spurious category, rule 23(a) (3), as involving rights affected by a common question and related to common relief. The new rule [3] reflects an abandonment of the nature of the right concept for a more pragmatic approach. The new rule looks to such practical considerations as common questions of law or fact, the risk of inconsistent adjudications, the desirability of concentrating litigation in a particular forum, and the difficulties to be encountered in managing the action. See Advisory Committee's Note, 39 F.R.D. 98, supra; and Cohn, "The New Federal Rules of Civil Procedure", 54 Geo.L.J. 1204 (1966).

Notwithstanding that we have assumed, *arguendo*, that the new rule is applicable, the question of jurisdictional amount still exists unless the new rule has somehow abrogated the aggregation principle. We have found no authority for so holding, and we cannot assume that federal jurisdiction has been expanded in such a *sub silentio* manner. Since the inception of federal diversity jurisdiction, Congress has imposed a jurisdictional amount requirement. In § 11 of the Judiciary Act of 1789, the jurisdiction of the federal courts in diversity cases was limited to controversies in which the amount involved exceeded the sum of $500.00. 1 Stat. 73, 78. In the interim the jurisdictional amount requirement has been continually enlarged to the present amount of $10,-000.00.[4] In contrast, it was not until June 19, 1934, that Congress gave the Supreme Court power to enact rules of civil procedure for the federal courts. 28 U.S.C.A. § 723c, now 28 U.S.C.A. § 2072. Shortly thereafter, the Supreme Court made it clear that the delegation of rule making power to the court did not authorize the expansion or restriction of

---

3. New Rule 23, (384 U.S. 1039, 1047 (1966) is as follows:

(a) PREREQUISITES TO A CLASS ACTION. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

(b) CLASS ACTIONS MAINTAINABLE. An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

(1) the prosecution of separate actions by or against individual members of the class would create a risk of

(A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or

(B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or

(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or

(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

 \*      \*      \*      \*      \*

4. In 1887 the amount was increased to $2,000, 24 Stat. 552; in 1911 to $3,-000, 36 Stat. 1087, 1091; and in 1958 diversity jurisdiction was limited to cases where the matter in controversy exceeded the sum of $10,000. 72 Stat. 415.

jurisdiction conferred by statute.[5] This limitation is expressed in Rule 82, F.R. Civ.P. (as amended, effective July 1, 1966), which provides:

"These rules shall not be construed to extend or limit the jurisdiction of the United States district courts * * *." 384 U.S. 1029, 1068.

Professor Moore has described the class action as nothing more than " * * * a procedural device to permit some to prosecute or to defend an action without the necessity of all appearing as plaintiffs or defendants." 3 Moore's Federal Practice (2nd ed.), p. 3480. This statement was made in support of his view that the aggregation principle was applicable in full force to class actions brought under old Rule 23. Aggregation was proper, he stated, where the claim was joint or common, as in the true category, but not where there were several or separate claims as in hybrid or spurious class suit. This treatise law is in line with the decisions. As examples, in addition to Alfonso v. Hillsborough County Aviation Authority; and Troup v. McCart, both supra, the court in Steele v. Guaranty Trust Co. of New York, 2 Cir., 1947, 164 F.2d 387, described a proceeding under Rule 23(a) (3) as " * * * in effect, but a congeries of separate suits so that each claimant must, as to his own claim, meet the jurisdictional requirements." In Sturgeon v. Great Lakes Steel Corporation, 6 Cir., 1944, 143 F.2d 819, a spurious class action, the court pointed out that the class action rule does not broaden the jurisdiction of the federal courts in diversity of citizenship cases, citing old Rule 82, F.R.Civ.P., which provided that the rules were not to be construed

to extend or limit the jurisdiction of the District Court. The holding of these cases is no different from that of the Supreme Court in Clark v. Paul Gray, 1939, 306 U.S. 583, 59 S.Ct. 744, 83 L.Ed. 1001, where the court raised the question of jurisdictional amount on its own motion and concluded that only one of several plaintiffs had made a showing of the requisite amount in controversy, and that the jurisdictional amount was necessary in the case of each of the plaintiffs where they asserted separate and distinct demands as distinguished from a joint or common interest in a single suit. The District Court was directed to dismiss as to all plaintiffs, save the one, for want of the jurisdictional amount.

In sum, it would appear that the principle of aggregation falls within the scope of jurisdiction which has been traditionally left to Congress rather than in the rule making power delegated to the Supreme Court by Congress. It follows that the principle is valid and subsisting notwithstanding new Rule 23.[6] This conclusion is a recognized limitation on the full utility of the class action procedure in federal courts where some members of the class have claims in the jurisdictional amount and some do not. However, the law seems clear and an accommodation of jurisdiction to the class action procedure, if deemed necessary, is a question which addresses itself to the Congress or the Supreme Court.

■ There is one last matter which should be mentioned. After appellee moved to dismiss the Alvarez case for lack of the jurisdictional amount, Mr. Alvarez called to the court's attention that another member of the class had a contract with appellee in the amount of

---

5. In Sibbach v. Wilson & Co., 1941, 312 U.S. 1, 61 S.Ct. 422, 85 L.Ed. 479, the court said:

"Hence we conclude that the Act of June 19, 1934, was purposely restricted in its operation to matters of pleading and court practice and procedure. * * * There are * * * limitations upon the authority to prescribe rules which might have been, but were not mentioned in the Act; for instance, the in-

ability of a court, by rule, to extend or restrict the jurisdiction conferred by a statute."

6. Cf. caveat in Cohn, The New Federal Rules of Civil Procedure, supra, p. 1221, fn. 73. Professor Wright in the supplement, p. 89, to 2 Barron & Holtzoff, Federal Practice and Procedure (Wright ed.), § 569, entertains the hope that the decision will be otherwise.

$25,000. This suggestion is of no help to Mr. Alvarez or the class but it would enable this member of the class, just as was true in Clark. v. Paul Gray, supra, to maintain his separate action, assuming the necessary amendment in the District Court, As we have noted, where, as here, the claims of the respective members of the class are several and distinct, each must establish the requisite amount for his action to lie. See 1 Barron & Holtzoff, Federal Practice and Procedure, (Wright ed.) pp. 114–117, and 2 Barron & Holtzoff, pp. 321–324. Cf. Eagle Star Insurance Company v. Maltes, 5 Cir., 1963, 313 F.2d 778.

The judgment of dismissal in each case, as it relates to a class action, is

Affirmed.