No. 1341. JACKSON ET AL. *v.* OGILVIE, GOVERNOR OF ILLINOIS, ET AL. Appeal from D. C. N. D. Ill. Application for emergency relief presented to MR. JUSTICE MARSHALL, and by him referred to the Court, denied.

MR. JUSTICE DOUGLAS, concurring.

The Court properly stays its hand in this election case that comes to us with the customary plea for emergency action. It is not entirely clear that the three-judge court was properly convened. But assuming it was, the case is peculiarly appropriate for application of the abstention doctrine which we recently applied in *Reetz* v. *Bozanich,* 397 U. S. 82.

The Illinois statutes involved here have not been construed as respects the issues now tendered. Whether the federal question would be avoided by a state construction of the Illinois statutes is not known. There is, however, a built-in provision for judicial review in the Illinois Circuit Court of a decision of the Election Board. Ill. Rev. Stat., c. 46, § 10–10.1 (1967).

While these issues are by our federal standard "justiciable," federal courts are usually less able than state courts to work their way through a maze of state electoral laws. If federal courts take the laboring oar in these so-called "emergency" cases involving local electoral laws, they must make quick decisions on local-law issues that are often tangled with matters of local construction and administration.*

---

*One of the underlying local-law issues involves the question as to what people are qualified to sign nominating petitions for independent candidates such as appellants. There is one view that the signatures must be of persons who did not vote in the preceding primary election for nominees of candidates for that office, and there is the opposing view that any registered voter may sign nominating petitions for independent candidates.

The suit in the federal court was filed December 1970, the three-judge court rendering its decision on January 28, 1971. 325 F. Supp. 864. It was not until February 1, 1971, that appellant Jackson filed his nomination papers with the Board. On February 8, 1971, two registered voters filed written objections to those nomination papers. The Board gave notice of a hearing to be held February 11, 1971, on these objections. The Board on February 18, 1971, held that the nomination papers of appellant Jackson did not satisfy requirements of the Illinois election code. Hence it was apparent that the administrative decision of the Board came after the decision of the federal three-judge court. What appellants ask us in substance to do is to sit in direct review of the Election Board. The reason, of course, is that the primary will be held February 23, 1971, and the State will begin distributing the ballots which contain the names of the winners of the primary and the names of the independent candidates on March 8, 1971. Federal courts cannot act responsibly in those situations.