**Walter O. ALLANSON et al., Plaintiffs,**

v.

**Jack L. CAMP, Tax Commissioner, Defendant.**

**Civ. A. No. 14777.**

United States District Court,
N. D. Georgia,
Atlanta Division.

March 3, 1971.

Albert A. Roberts, East Point, Ga., for plaintiffs.

Arthur K. Bolton, Atty. Gen., of Ga., John Tye Ferguson, Atlanta, Ga., for defendant.

ORDER DENYING APPLICATION TO EMPANEL THREE-JUDGE DISTRICT COURT

MOYE, District Judge.

Complainants attack as unconstitutional and in violation of the due process clause of the Fourteenth Amendment of the Constitution of the United States certain Georgia statutes, identified in the complaint, relating to the establishment of the joint City/County Board of Tax Assessors of the City of Atlanta and

Fulton County, Georgia, and relating to tax assessment procedures of said Board. Complainants seek an interlocutory and permanent injunction, and have requested that a three-judge district court be empaneled pursuant to 28 U.S.C. §§ 2281 and 2284.

The criteria to be followed by this Court, upon an application to empanel a statutory three-judge court, was set forth in Idlewild Bon Voyage Liquor Corp. v. Epstein, 370 U.S. 713, 715, 82 S.Ct. 1294, 1296, 8 L.Ed.2d 794 (1962), where the Court said:

" * * * When an application for a statutory three-judge court is addressed to a district court, the Court's inquiry is appropriately limited to determining whether the constitutional question raised is substantial, whether the complainant at least formally alleges a basis for equitable relief, and whether the case presented otherwise comes within the requirements of the three-judge statute. * * * "

Finding that the complaint does not meet these criteria, the application for a statutory three-judge court is denied for the reasons set forth below:

■ (1) The complaint is construed as alleging federal question jurisdiction pursuant to 28 U.S.C. § 1331, but no jurisdictional amount ($10,000) is alleged. The complaint does contain an exhibit which purports to show the 1970 assessment on the property of each of the several plaintiffs, as well as the 1971 assessment which is under attack. Applying the 1970 millage (.04475) to the increase in assessment for the largest property owner shown on the exhibit, the increase in that assessment (based on the assumption that the millage for 1971 would be the same as that for 1970) results in a total tax increase of only about $3,000—considerably short of the required $10,000.

■ Tax claims, of course, cannot be aggregated for jurisdictional purposes, Fuller v. Volk, 351 F.2d 323 (C.A.3 1965). *See, also,* Alvarez v. Pan-American Life Insurance Company, 375 F.2d 992 (C.A.5 1967); Snyder v. Harris, 394 U.S. 332, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1968). It would appear further that the tax for one year only is to be considered in determining presence of the requisite jurisdictional amount. While it is somewhat speculative even to postulate that the 1971 millage would be the same as that for 1970, it would be even more speculative to assume that the millage would remain the same for subsequent years, and the Court cannot speculate as to jurisdictional amount. Vicksburg, S. & P. Ry. Co. v. Nattin, 58 F.2d 979 (5th Cir. 1932). Consequently, the Court finds that the complaint fails to allege the jurisdictional amount necessary to support this Court's federal question jurisdiction;

(2) To support plaintiffs' claim that the statutes attacked violate the Fourteenth Amendment to the United States Constitution, the complaint alleges with respect to the joint City of Atlanta/Fulton County Tax Board (Complaint ¶ 25) "(a) That the members of said Board are not required to be freeholders of Fulton County, Georgia. (b) That the members of said Board are not required to be residents of Fulton County, Georgia. (c) That the act was passed prior to the adoption of a constitutional amendment authorizing said Board. (d) That two of the members were not appointed by the Board of County Commissioners of Fulton County * * * (e) That two of the members are employees of the City of Atlanta and are paid by the City of Atlanta * * * (f) That said act provides for one set of qualifications for the member appointed by the County and another set of qualifications for the two members appointed by the City." The complaint does not indicate in any way how these matters raise constitutional questions under the Fourteenth Amendment to the Constitution of the United States. By referring to ¶ 22 of the Complaint, the Court can discern some possibility of conflict with the statutes of the State of Georgia, but no federal constitutional question to support

federal question jurisdiction in this Court;

(3) Title 28 U.S.C. § 1341 provides:

"The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."

In Kiker v. Hefner, 409 F.2d 1067 (C.A.5 1969), the United States Court of Appeals for the Fifth Circuit held that Georgia taxpayers have a plain, speedy and efficient remedy within the meaning of 28 U.S.C.A. § 1341 (409 F.2d 1070), citing particularly Colvard v. Ridley, 218 Ga. 490, 128 S.E.2d 732 (1962), a property tax assessment case. In Bussie v. Long, the United States Court of Appeals for the Fifth Circuit has held that in such a situation, the convocation of a three-judge federal court is not required. Bussie v. Long, 5 Cir., 383 F.2d 766, 768-769 (1967).

In this connection, the Court further notes that a suit attacking the same property tax assessment already has been commenced in the Superior Court of Fulton County (H. B. Watson, et al. v. Charles A. Hinson, et al., Case No. B62907 in that Court), a Georgia state court of unlimited original jurisdiction, and that one of the judges of that Court already has issued a temporary restraining order with respect to said assessment (see Atlanta Constitution of March 1, 1971).

■ Under the circumstances set forth above, and while perhaps not bearing directly on the inquiry which this Court must make in determining whether a three-judge district court should be empaneled, the Court feels that this matter is one which is peculiarly appropriate for the application of the doctrine of abstention as set out in Reetz v. Bozanich, 397 U.S. 82, 90 S.Ct. 788, 25 L. Ed.2d 68 (1970), and Jackson v. Oglivie, 401 U.S. 904, 91 S.Ct. 642, 27 L.Ed.2d 803, in order to give the state courts an opportunity to resolve the state constitutional questions obviously involved in this litigation and perhaps thereby to eliminate any necessity for further action on the part of the federal courts.

The request for the convocation for a three-judge district court is therefore denied.

Let copies of this order be served upon the plaintiffs, upon the Governor of the State of Georgia, and upon the Attorney General of the State of Georgia.