**CITY OF BOSTON**

**v.**

**MASSACHUSETTS PORT AUTHORITY et al.**

**Civ. A. No. 70–1165.**

United States District Court, D. Massachusetts.

Jan. 19, 1971.

---

Suzanne DelVecchio, Asst. Corporation Counsel, Boston, Mass., for plaintiff.

Donald R. Grant, John S. Hopkins, III, Ropes & Gray, for defendant Massachusetts Port Authority.

Lewis H. Weinstein, Michael B. Keating, Foley, Hoag & Eliot, Boston, Mass., for defendant airlines.

## OPINION

WYZANSKI, Chief Judge.

The City of Boston filed a complaint against the Massachusetts Port Authority, as owner and operator of Logan International Airport, and nineteen airlines that use it. Plaintiff's claim is that defendants in violation of the fifth and fourteenth amendments to the United States Constitution deprived it of its property by taking without just compensation an avigation easement over plaintiff's land. Jurisdiction is alleged under the federal question statute, 28 U.S.C. § 1331 and the civil rights statute, 28 U. S.C. § 1343(3) and (4).

The gist of the complaint may be stated summarily. Plaintiff owns land on which it has erected public schools. The Authority, created by Mass.St.1956, c. 465, § 2, owns and operates Logan International Airport. By leases, it granted defendant airlines terminal space and runway facilities, as well as ingress and egress rights. Planes owned by defendant airlines in approaching Logan fly over plaintiff's property at low altitudes and at high speed, emitting loud noises, and generating waves of vibration in the atmosphere above and around plaintiff's property. The low flights, the noises, and the vibrations limit the height of structures which may be built on plaintiff's land, render the property unfit for educational purposes, and decrease the value of the property. These effects create a permanent servitude upon plaintiff's property and are a form of confiscation and condemnation without just compensation. They also constitute an "invasion and nuisance without due process of law." The relief sought is the payment of over $10 million damages.

Defendants move to dismiss the complaint because the court lacks jurisdiction over the subject matter of the complaint and because the complaint fails to state a cause of action.

While the complaint raises issues of wide public interest and concern, it does

not state a federal cause of action within this court's jurisdiction.

This court does not have jurisdiction of this case under 28 U.S.C. § 1343(3) and (4) because the complaint seeks a remedy not for the deprivation of personal rights but for damage to plaintiff's property. Eisen v. Eastman, 421 F.2d 560, 563–566 (2nd Cir.); National Land & Investment Co. v. Specter, 428 F.2d 91, 98, 100 (3rd Cir.).

While this court does have jurisdiction of this case under 28 U.S.C. § 1331 because it alleges an action which arises under the Constitution, the complaint does not indeed state a cause of action under the Constitution.

The complaint's allegation that a cause of action under the fifth amendment is stated is unsound because that amendment applies only to a taking by the federal government, and not to actions by state agencies or private airlines, Fallbrook Irrigation Dist. v. Bradley, 164 U.S. 112, 158, 17 S.Ct. 56, 41 L. Ed. 369.

The complaint's allegation that a cause of action under the fourteenth amendment is stated against the Port Authority is unsound because that amendment does not impose an obligation upon an instrumentality of a state, such as the Authority, to compensate another instrumentality of the same state, such as the City of Boston, for a taking authorized by that state. Hunter v. City of Pittsburgh, 207 U.S. 161, 178–179, 28 S.Ct. 40, 46, 52 L.Ed. 151; Risty v. Chicago, R. I. & P. Ry., 270 U.S. 378, 389, 390, 46 S.Ct. 236, 70 L.Ed. 641; Coleman v. Miller, 307 U.S. 433, 441, 59 S.Ct. 972, 83 L.Ed. 1385. The reason was stated in *Hunter*:

"Municipal corporations are political subdivisions of the state, created as convenient agencies for exercising such of the governmental powers of the state as may be entrusted to them. * * * The number, nature and duration of the powers conferred upon these corporations and the territory over which they shall be exercised rests in the absolute discretion of the state. * * * The state, therefore, at its pleasure may modify or withdraw all such powers, may take without compensation such property, hold it itself, or vest it in other agencies, expand or contract the territorial area, unite the whole or a part of it with another municipality, repeal the charter and destroy the corporation. All this may be done, conditionally or unconditionally, with or without the consent of the citizens, or even against their protest. In all these respects the state is supreme, and its legislative body, conforming its action to the state Constitution, may do as it will, unrestrained by any provision of the Constitution of the United States."

That principle applies in the case at bar. Plaintiff seeks compensation from the Authority for a "taking" alleged to be within the doctrine of Griggs v. County of Allegheny, 369 U.S. 84, 82 S. Ct. 531, 7 L.Ed.2d 585. The Griggs case held that when a person is deprived of the use of his property by planes flying in glide approaches to an airport constructed and operated by a state instrumentality, the persons's property is "taken" (that is he is "deprived" of his property within the meaning of the fourteenth amendment) by the state instrumentality. The taking or deprivation, while effected by flights of airplanes, is attributable to the state instrumentality's actions in creating and operating the airport.

In the case at bar there can be no doubt that the Commonwealth of Massachusetts itself created the Logan airport and thereafter authorized the Authority to operate it and to extend it. Construction of the airport was begun in 1922 under the authority of Mass.St.1922, c. 404. The Commonwealth's Department of Public Works operated the airport beginning in 1941. Mass.Res.1941, c. 8; Mass.St.1941, c. 695. In 1948 operation of the airport passed to the Commissioner of Airport Management and the State Airport Management Board. Mass.St. 1948, c. 637. In 1956 the Common-

wealth created the Massachusetts Port Authority and gave it the power to operate and control Logan International Airport. Mass.St.1956, c. 465.

It is not alleged that either the Authority or its predecessors in operating Logan established the flight patterns of approach to the airport. Indeed this court takes judicial notice that such patterns have always been set by agencies of the federal government, see Griggs v. County of Allegheny, *supra,* and are now set by the Federal Aviation Administration under authority conferred by 49 U.S.C. § 1348. The only action taken by the Authority which could be said to affect the approach patterns is its operation of Logan and the extension of its runways.

If there has been any taking of the plaintiff's property by the Authority's operation and extension of Logan, such operation and extension were authorized by the state which created the City of Boston. Hence the fourteenth amendment does not give the City a right to compensation from the Authority for that taking. It is quite unnecessary to consider whether for that taking the city has a state remedy against the Authority.

 Nor has plaintiff stated a cause of action under the fourteenth amendment against the airlines.

First, if anyone "took" Boston's property (that is if anyone "deprived" Boston of its property, as the word "deprive" is used in the fourteenth amendment), the taking was not by the airlines. In Griggs v. County of Allegheny, 369 U.S. 84, 89, 82 S.Ct. 531, 534, in a situation analogous to the case at bar, Mr. Justice Douglas, responding to the argument that the airlines were the takers, held that "the promoter, owner, and

lessor of the airport, was * * * the one who took the easement in the constitutional sense."

Second, the airlines are not alleged to be involved in any state action proscribed by the fourteenth amendment. The complaint does not allege that the Authority had no right to deprive the City of Boston of its property by the imposition of an avigation servitude. What the city claims is that the Authority violated the fourteenth amendment by not compensating the city for the deprivation. If the fourteenth amendment does require the Authority to compensate plaintiff, the airlines are not involved in the Authority's failure to pay such compensation. Nor are the airlines under an independent duty to make compensation on the theory that the taking which gives rise to the claim of compensation was effected with the aid of the airlines. See Yearsley v. Ross Construction Co., 309 U.S. 18, 60 S.Ct. 413, 84 L.Ed. 554.

Third, if the airlines did participate in a taking of the property of the City of Boston, the Commonwealth authorized that taking by authorizing the creation and operation of Logan airport, and, as already pointed out, the city has no right under the fourteenth amendment to complain of action authorized by the state which created the municipality.

The complaint not having stated a federal cause of action, this court does not have pendent jurisdiction to adjudicate any state cause of action, such as nuisance, which may be alleged in the complaint. United Mine Workers of America v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218; Strachman v. Palmer, 177 F.2d 427, 433 (1st Cir.).

Complaint dismissed for failure to state a claim within the court's jurisdiction.