**Donald Page MOORE, Candidate for State's Attorney in the Democratic Primary Elections, and Bernard Carey Candidate for State's Attorney in the Republican Primary Election, Plaintiffs-Appellants,**

v.

**Stanley T. KUSPER, Jr., et al., Defendants-Appellees.**

**No. 72-1197.**

United States Court of Appeals, Seventh Circuit.

March 20, 1972.

---

See also, 7 Cir., 465 F.2d 256.

Peter C. John, Marshall Patner, Chicago, Ill., for plaintiffs-appellants.

Aldus S. Mitchell, Sophia H. Hall, Chicago, Ill., for defendants-appellees.

Before FAIRCHILD, PELL, and SPRECHER, Circuit Judges.

PER CURIAM.

This matter is before the court on the unverified motion of the appellants, two candidates for the position of Cook County, Illinois, State's Attorney in the primary election scheduled for March 21, 1972. While captioned "Emergency Appeal" and purporting to be such an appeal from denial of preliminary injunctive relief by the United States District Court for the Northern District of Illinois, the appellants are in effect asking that this court grant the relief denied below.

Appellants' complaint was filed in the district court on March 9, 1972, and generally alleges that the appellees have caused certain election judges to be appointed representing the Republican party other than those claimed to have been duly certified by the chairman of the Republican Central Committee of Cook County as required by the Illinois Election Code, Ill.Rev.Stats. (1971), Ch. 46, Art. 14. The meager file before us reflects a factual dispute between the parties, the appellees contending in effect that the proposals via certification had not been legally furnished by the county chairman for the positions to which the Board of Election Commissioners had appointed the challenged election judges.

We note the following:

(a) The parties are in agreement that among the purposes of the Election Code are balanced, honest, orderly elections under the supervision of persons delegated authority by the Illinois legislature, and there seems to be no contention that such purposes are other than highly laudatory.

(b) The underlying rationale of the Election Code seems to be that each of the principal political parties in Illinois should have the privilege of naming, via the chairman certification, of

approximately one half of the election judges, which privilege has not been obtained by the Republican party, whether by its own failure of compliance with established procedures or by the fault of appellees being a controverted issue.

(c) A situation such as the present one does call out for prompt action if it is possible. As was aptly stated by the late Mr. Justice Harlan in an analogous situation:

"[T]iming is of the essence in politics. It is almost impossible to predict the political future; and when an event occurs, it is often necessary to have one's voice heard promptly, if it is to be considered at all." (Concurring opinion), Shuttlesworth v. City of Birmingham, 394 U.S. 147, 163 [89 S.Ct. 935, 22 L.Ed.2d 162] (1969).

(d) The situation here involved, if the allegations of appellants are correct, is one involving basic constitutional principles violated by elections which are not fairly and honestly conducted. To paraphrase the words of Mr. Justice Frankfurter in Offutt v. United States, 348 U.S. 11, 14 [75 S.Ct. 11, 99 L.Ed. 11] (1954), elections must not only be honestly and fairly conducted but also must give that appearance.

(e) The district court found appellant Moore, a candidate in the Democratic party primary, to have no standing as the matter before the court concerns the Republican party primary. The district court further found the appellant Carey to be without ground for complaint as he is unopposed in the Republican party primary. While this case does not purport to be a class action of any kind, yet both appellants allege that they are citizens and qualified voters. The contention is thus present that every citizen and voter has a right to fair election procedures.

(f) The district court further stated that it would abstain from further proceedings and dismissed the action inasmuch as adequate remedies existed in the state courts. The existence of state remedies is not necessarily a bar to federal action in proper cases. McNeese v. Board of Education, 373 U.S. 668, 672 [83 S.Ct. 1433, 10 L.Ed. 2d 622] (1963). Further, even in proper cases for abstention, the preferred procedure is for the district court to retain jurisdiction in the event the state remedy proves to be nonexistent or to be for other reasons illusory rather than real. Zwickler v. Koota, 389 U.S. 241, 244 n. 4 [88 S.Ct. 391, 19 L.Ed.2d 444] (1967).

(g) The persons who will serve as election judges will do so for two year terms so that the impact of not appointing persons who properly should have been appointed or appointing persons who properly should not have been will extend beyond the immediate primary election.

(h) If an invidious situation, cognizable by the federal courts, does in fact exist, this court should be in a position to protect speedily and effectively any violated rights.

 Notwithstanding all of these factors herein noted, we perforce are brought back to the starting point that the facts are controverted. The resolution of disputed facts is not the function of this court, which is an appellate tribunal established to review the correctness of the decision below. While it is within the power of this court to stay an order of the district court, or indeed to issue an injunction pending an appeal, such power should not be legally nor too hastily exercised but only when the issues before the court are reasonably susceptible to an interpretation requiring such action. Precipitous action should not be launched on less than a sure footing. We are asked here to become involved in the sensitive area of state election procedures without that firm basis. This we cannot do.

"If federal courts take the laboring oar in these so-called 'emergency' cases involving local electoral laws, they

must make quick decisions on local-law issues that are often tangled with matters of local construction and administration." Jackson et al. v. Ogilvie, Governor of Illinois, et al., 401 U. S. 904 [952, 91 S.Ct. 979, 28 L.Ed.2d 236] (1970) (Mr. Justice Douglas concurring).

We do note the continued term of the election judges and that the question will not be moot in the November 1972 election. As far as this court is concerned, if the appellants desire to pursue their federal remedy, no reason is seen for not granting on request an expedited schedule of briefing to the end that a determination may be made of the federal issues at a time well in advance of the November election. If a federally cognizable claim is established, entitling the appellants, or either of them, to relief on the present matter, no reason is perceived for not reaching that result via orderly procedures prior to the November 1972 election.

The application for injunction pending appeal is therefore denied.