Edward **LUEDTKE** et al., Plaintiffs,

v.

The **COUNTY OF MILWAUKEE**, a political subdivision, et al., Defendants.

No. 73–C–371.

United States District Court,
E. D. Wisconsin.

Feb. 11, 1974.

Samson, Friebert, Sutton & Finerty by Robert E. Sutton, Milwaukee, Wis., for plaintiffs.

Robert P. Russell, Corp. Counsel by James J. Bonifas, Milwaukee, Wis., for County of Milwaukee.

Mayer, Brown & Platt by Douglas A. Poe, Henry L. Hill, Bryson P. Burnham and H. Templeton Brown, Chicago, Ill., and Foley & Lardner by Steven E. Keane and Maurice J. McSweeney, Milwaukee, Wis., for all Airlines.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

This matter is before me on the defendants' motion to dismiss. The plaintiffs own and reside at property located near General Mitchell Field, a major airport facility situated in and owned, operated and maintained by Milwaukee County, Wisconsin. The defendants include the county and the five federally-certified airlines which utilize that airport facility.

The plaintiffs allege that "aircraft . . . pass over (their) property or (in) close proximity thereto, at unreasonably low altitudes, while taking off and landing," thus causing "noise, vibration, dust, fumes, soot, unexpended jet fuel, noxious substances and other particulate matter to be dropped upon" their property. On the basis of these allegations, the plaintiffs charge the defendants with negligence, creation of a nuisance, and violation of § 114.04, Wis. Stats., which deals with liability for low altitude, dangerous or damage-causing flights.

In addition to actual and punitive damages, the plaintiffs request an injunction directing Milwaukee County to initiate condemnation proceedings against their property. The judicial promulgation of certain proposed rules and regulations to govern the normal aircraft and airport operations at Mitchell Field is also sought. The defendant county is alleged to have violated certain federal regulations, but no such violations are ascribed to the defendant airlines. Subsequent to the filing of the instant complaint, the plaintiffs initiated state court inverse condemnation proceedings against Milwaukee County.

Jurisdiction over the plaintiffs' three causes of action is predicated solely upon 28 U.S.C. §§ 1331 and 1337; the plaintiffs maintain that the defendants have "individually and collectively . . . confiscated and condemned the property of the plaintiffs without due process of law, contrary to the 5th and 14th Amendments to the Constitution of the United States."

The gravamen of the complaint is that the defendants have imposed upon the plaintiffs' property what amounts to an avigation servitude, which is claimed to be actionable under the constitution. Therefore, I need not decide whether federal question jurisdiction can be in-

voked where a claim of unconstitutionality is appended to three apparently non-federal question causes of action for common law negligence, nuisance, and state statute violation. Notwithstanding the liberal interpretation to be given the complaint, I nevertheless conclude that the defendants' motion to dismiss should be granted.

## I.

No cause of action is stated as against any of the defendants under the fifth amendment because that amendment applies only to a taking by the federal government and not to actions by state agencies or private airlines. Fallbrook Irrigation District v. Bradley, 164 U.S. 112, 17 S.Ct. 56, 41 L.Ed. 369 (1896); City of Boston v. Massachusetts Port Authority, 320 F.Supp. 1317 (D.Mass.1971), affirmed 444 F.2d 167 (1st Cir. 1971).

## II.

No cause of action is stated as against the defendant airlines under the fourteenth amendment. In Griggs v. County of Allegheny, 369 U.S. 84, 82 S. Ct. 531, 7 L.Ed.2d 585 (1962), the United States Supreme Court held that when a person is deprived of the use of his property by planes flying in glide approaches to an airport constructed and operated by a state instrumentality, the person is deprived of his property, within the meaning of the fourteenth amendment, by the state instrumentality. The deprivation of property, while effected by flights of aircraft, is attributable to the state instrumentality's actions in creating and operating the airport. City of Boston v. Massachusetts Port Authority, supra. As the Supreme Court observed in *Griggs*, "the promoter, owner and lessor of the airport, was . . . the one who took the air easement in the constitutional sense." 369 U.S. at 89, 82 S.Ct. at 534.

If the fourteenth amendment does require Milwaukee County to compensate the plaintiffs for its imposition upon their property of what amounts to an avigation servitude, the airlines are under no independent duty to make compensation on the theory that the taking which gives rise to the claim of compensation was effected with the aid of the airlines. See Yearsley v. Ross Construction Co., 309 U.S. 18, 60 S.Ct. 413, 84 L. Ed. 554 (1940).

## III.

Assuming, *arguendo*, that the defendant airlines were subject to the jurisdiction of this court, the purported causes of action for common law negligence and nuisance as well as the violation of § 114.04, Wis.Stats., are not maintainable here. There exists no allegation that the various acts charged to the airlines violated the federal laws and regulations to which the airlines are subject and within which they must operate. In my opinion, the airlines cannot successfully be charged with actionable negligence, the creation of a nuisance, or the violation of a state statute dealing with liability for low altitude flights, so long as the airline operations complained of constitute activities authorized by federal laws and regulations. See Richards v. Washington Terminal Co., 233 U.S. 546, 34 S.Ct. 654, 58 L.Ed. 1088 (1914). It is clear that local attempts, public or private, to control and to regulate the operations of airports and air carriers have been preempted by the federal government. See City of Burbank v. Lockheed Air Terminal, Inc., 411 U.S. 624, 93 S.Ct. 1854, 36 L.Ed.2d 547 (1973); Cf. Virginians for Dulles v. Volpe, 344 F.Supp. 573 (E.D.Va.1972).

I have examined the cases cited by the plaintiffs in support of their contention that "those who operate aircraft may not cause damage through the negligent operation thereof." Each involved situations in which the aircraft in question was not operated in accordance with usual and customary standards, the latter constituting the measure for negligence. By contrast, the plaintiffs do not allege that the airlines have violated any federal regulations, but rather, they at-

tack these usual and customary standards themselves.

▉▉▉ The bombardment of noise, fumes and particulate matter of which the plaintiffs complain is but a necessary by-product of modern flight. See American Airlines v. Town of Hempstead, 272 F.Supp. 226 (E.D.N.Y.1967), affirmed 398 F.2d 369 (2d Cir. 1968), cert. den. 393 U.S. 1017, 89 S.Ct. 620, 21 L.Ed.2d 561 (1969). If proved, the existence of such annoying occurrences constitutes evidence only of the need for compensation from the airport operator, Milwaukee County; it is that entity which is obliged by federal law to anticipate the problems complained of and to provide an area adequate for the normal activities of a major airport. See Griggs v. County of Allegheny, 369 U.S. 84, 82 S.Ct. 531, 7 L.Ed.2d 585 (1962). Moreover, the county is empowered under state condemnation law to compensate private citizens for any deprivation or taking of their property.

### IV.

▉▉▉ Though, under the *Griggs* doctrine, a fourteenth amendment claim is stated against Milwaukee County for what amounts to its alleged imposition upon the plaintiffs' property of an avigation servitude, any relief which this court might grant to the plaintiffs is already available to them in the inverse condemnation proceedings which they have brought against Milwaukee County in a state court. See § 32.10, Wis. Stats.; Cf. Peterson v. Wisconsin River Power Co., 264 Wis. 84 (1953). The state court inverse condemnation proceeding is also the appropriate forum for resolution of the issue of what, if any, actual and punitive damages may be assessed. See Creel v. City of Atlanta, 399 F.2d 777 (5th Cir. 1968).

▉▉▉ It would be inappropriate for this court to promulgate rules and regulations concerning the complex matters of airport and airlines operations. The regulations proposed by the plaintiffs fall within an area properly dealt with by Congress, the federal aviation administration, the department of transportation and the environmental protection agency. In City of Burbank v. Lockheed Air Terminal, Inc., 411 U.S. 624, 93 S. Ct. 1854, 36 L.Ed.2d 547 (1973), the Supreme Court made it clear that attempts at local regulation of airports or air carriers are preempted by federal regulation of the field. That this is a federal tribunal does not alter the fact that the injunctive relief sought by the plaintiffs amounts to a request on their part for the very type of local regulation proscribed by the Supreme Court in *Burbank*. See also, City of Chicago v. General Motors Corp., 332 F.Supp. 285 (N. D.Ill.1971), affirmed 467 F.2d 1262 (7th Cir. 1972).

### V.

▉▉▉ The plaintiffs allege, in very general terms, that Milwaukee County has violated certain federal regulations. It is possible that the plaintiffs could qualify as intended beneficiaries of those regulations and might therefore have standing, at some point, to seek the enforcement of those regulations. See City of Inglewood v. City of Los Angeles, 451 F.2d 948 (9th Cir. 1972); Cf. Association of Data Processing Service v. Camp, 397 U.S. 150, 90 S.Ct. 827, 25 L.Ed.2d 184 (1970); Barlow v. Collins, 397 U.S. 159, 90 S.Ct. 832, 25 L.Ed.2d 192 (1970). However, the plaintiffs have not demonstrated that they have exhausted their administrative remedies by attempting to have the secretary of transportation, the federal aviation administration or the environmental protection agency investigate the purported violations and enforce those regulations before this court was asked to intervene. See City of Inglewood v. City of Los Angeles, supra; Federal Aviation Administration regulation at 14 C.F.R. 13.1; Cf. Department of Transportation Act of 1966, 49 U.S.C. §§ 1655(c), 1716(c)(3) and 1718(4).

Therefore, it is ordered that the defendant airlines' motion to dismiss the

instant action as against themselves be and hereby is granted.

It is also ordered that the defendant county's motion to dismiss the instant complaint be and hereby is granted.