**Edward LUEDTKE et al.,**
**Plaintiffs-Appellants,**

v.

**COUNTY OF MILWAUKEE et al.,**
**Defendants-Appellees.**

No. 74–1310.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 12, 1975.

Decided July 22, 1975.

D. Jeffrey Hirschberg, Friebert & Finerty, Milwaukee, Wis., for plaintiffs-appellants.

Steven E. Keane, Milwaukee, Wis., H. Templeton Brown, Bryson P. Burnham, Chicago, Ill., James J. Bonifas, Deputy Corp. Counsel, Milwaukee, Wis., for defendants-appellees.

Before CASTLE, Senior Circuit Judge, PELL, Circuit Judge, and JAMESON, Senior District Judge.*

PELL, Circuit Judge.

The plaintiffs, owners of property in Milwaukee County, brought this action

---

* Senior District Judge William J. Jameson of the District of Montana is sitting by designation.

against the County, as owner and operator of General Mitchell Field, the major Milwaukee airport, and against five federally-certified airlines which utilize the airport facilities. Essentially, the plaintiffs charge that aircraft, in taking off and landing at Mitchell Field, fly over their property at low altitudes, causing noise, vibrations, fumes, and the dropping of dust and noxious substances on their property. The plaintiffs claim that the defendants have thereby deprived them of their property without just compensation, in violation of the Fifth and Fourteenth Amendments. In addition, the plaintiffs charge that the defendants have violated § 114.04 of the Wisconsin Statutes and have created a nuisance. Finally, the plaintiffs allege, somewhat vaguely, that the County has violated 49 U.S.C. § 1711 *et seq.* [previously 49 U.S.C. § 1101 et seq.] and has failed to conform with certain federal regulations. There is, however, no allegation that the defendant airlines have ever violated the federal regulations governing their operations. Jurisdiction is based on 28 U.S.C. §§ 1331 and 1337.

As relief, the plaintiffs seek actual and punitive damages, a mandatory injunction directing the County to initiate condemnation proceedings against their property, and a promulgation, by the district court, of rules and regulations to govern the aircraft and airport operations at Mitchell Field.

The district court granted the defendants' motion to dismiss the complaint[1] and the plaintiffs appeal.

### I. Fifth Amendment.

■ The district court properly held that no cause of action is stated against the defendants under the Fifth Amendment since that amendment applies only to a taking by the federal Government, and not to actions by state agencies or private parties. *Fallbrook Irrigation District v. Bradley,* 164 U.S. 112, 158, 17 S.Ct. 56, 41 L.Ed. 369 (1896).

### II. Fourteenth Amendment—Airlines.

■ We also agree with the district court that no cause of action has been stated against the airlines under the Fourteenth Amendment. In *Griggs v. Allegheny County,* 369 U.S. 84, 82 S.Ct. 531, 7 L.Ed.2d 585 (1962), the Supreme Court held that when a person's property has been "taken," in a constitutional sense, by low-altitude aircraft flights over his property, the "taking" is attributable to the state instrumentality which owns and operates the airport. The Court expressly rejected the contention that the airlines, whose flights were in accord with the federal regulations, should be held liable for such "taking":

"It is argued that though there was a 'taking,' someone other than [Allegheny County] was the taker—the airlines or the C.A.A. acting as an authorized representative of the United States. We think, however, that [the County], which was the promoter, owner, and lessor of the airport, was in these circumstances the one who took the air easement in the constitutional sense." 369 U.S. at 89, 82 S.Ct. at 533. (Footnote omitted.)

See also, *City of Boston v. Massachusetts Port Authority,* 320 F.Supp. 1317, 1319–20 (D.Mass.171), *aff'd,* 444 F.2d 167 (1st Cir. 1971); *Town of East Haven v. Eastern Airlines, Inc.,* 331 F.Supp. 16, 34 (D.Conn.1971), *aff'd,* 470 F.2d 148 (2d Cir. 1972), *cert. denied,* 411 U.S. 965, 93 S.Ct. 2144, 36 L.Ed.2d 685 (1973).

In the present case, as in *Griggs,* there is no allegation that the airlines were violating any federal regulations in their flights.[2] The plaintiffs, if there has been a "taking" of their property, must look to the County, as the owner and operator of the airport, for compensation. See *Yearsley v. Ross Construction Co.,* 309 U.S. 18, 22, 60 S.Ct. 413, 84 L.Ed. 554 (1940).

---

**1.** *Luedtke v. County of Milwaukee,* 371 F.Supp. 1040 (E.D.Wis.1974).

**2.** See footnote 6, *infra.*

*III. Fourteenth Amendment—County.*

■ The complaint, as the district court recognized, did state a Fourteenth Amendment claim for damages against the County under the *Griggs* doctrine. The district court, however, dismissed this claim on the ground that the plaintiffs had already instituted an inverse condemnation proceeding in the state court and could recover monetary damages in that action. See Wis.Stat. § 32.-10.[3]

■ We agree with the district court that, under the circumstances, the lower court could properly decline to exercise its jurisdiction to avoid interfering with a pending state proceeding which involved a predominantly local matter. "Not only is municipal eminent domain ordinary a local matter, but it is difficult to imagine a situation where more confusion would arise than would be the case if the parties here were allowed to simultaneously pursue both this action and the state condemnation proceeding." *Creel v. City of Atlanta,* 399 F.2d 777, 779 (5th Cir. 1968). In fact, at oral argument, counsel for the plaintiffs conceded that the district court could properly abstain on this matter.

■ The plaintiffs argue, however, that the district court should have retained jurisdiction, although abstaining from exercising it, rather than dismissing the complaint. We think the plaintiffs' point is well taken. The Supreme Court has noted that where, as in the present case, a federal constitutional claim has been raised, "it is better practice . . . to retain jurisdiction,

rather than to dismiss." *Zwickler v. Koota,* 389 U.S. 241, 244 n. 4, 88 S.Ct. 391, 393, 19 L.Ed.2d 444 (1967). Accord, *American Trial Lawyers Ass'n v. New Jersey Supreme Court,* 409 U.S. 467, 469, 93 S.Ct. 627, 34 L.Ed.2d 651 (1973); *Moore v. Kusper,* 465 F.2d 253 (7th Cir. 1972). See *Creel, supra* at 779.

The district court's judgment insofar as it dismissed the Fourteenth Amendment claim for damages against the County is vacated and this claim is remanded to the district court with directions that the court abstain from deciding the merits but retain jurisdiction pending a determination in the state inverse condemnation proceedings.

*IV. Injunctive Relief.*

■ The district court properly held that relief in the form of judicially-made rules and regulations to govern the airport and airline operations at Mitchell Field was not available to the plaintiffs.[4] In *City of Burbank v. Lockheed Air Terminal, Inc.,* 411 U.S. 624, 93 S.Ct. 1854, 36 L.Ed.2d 547 (1973), the Supreme Court held that the Federal Aviation Administration (FAA), in conjunction with the Environmental Protection Agency (EPA), "has full control over aircraft noise, pre-empting state and local control." 411 U.S. at 633, 93 S.Ct. at 1859. "[T]he pervasive control vested in EPA and in FAA under the [Noise Control Act of 1972] leave[s] no room for local curfews or other local controls." 411 U.S. at 638, 93 S.Ct. at 1862. The Court has similarly noted that in the area of aircraft emissions, Congress "has also pre-empted the field." *Washington v.*

---

**3.** Since the plaintiffs have already instituted inverse condemnation proceedings, the plaintiffs' prayer for an injunction directing the County to initiate condemnation proceedings was properly denied.

**4.** The plaintiffs sought, *inter alia:*

"That an injunction and order be issued establishing and promulgating reasonable rules, regulations and controls directing the defendants to establish flight pattern and air traffic corridors,. noise control standards, noxious substance standards, and other rules governing the emission and dropping of unexpended

fuel and particulate matter at or near General Mitchell Field together with restrictions on the volume of jet aircraft, the hours of operation and usage of the airport for takeoffs and landings during night time hours and establishing minimal altitudes at which jet aircraft must fly within the immediate vicinity of the airport and while overflying or flying by the plaintiffs' property described in paragraph (10) herein, together with appropriate penalties to [be] imposed for violation of such rules and regulations as thus promulgated."

*General Motors Corp.,* 406 U.S. 109, 114, 92 S.Ct. 1396, 31 L.Ed.2d 727 (1972).[5] See *Virginians for Dulles v. Volpe,* 344 F.Supp. 573, 579 (E.D.Va.1972). As the court below recognized, it is irrelevant that the plaintiffs here are asking a federal district court, rather than a state body, to promulgate the rules governing Mitchell Field. The rules and regulations which the plaintiffs seek would, nonetheless, result in the type of local control which the Supreme Court in *Burbank* found to be invalid.

*V. Violation of Federal Regulations.*

■ The plaintiffs also charge, without much specificity, that the County has violated 49 U.S.C. § 1711 *et seq.* [previously 49 U.S.C. § 1101 *et seq.*] and certain federal regulations issued thereunder.[6]

The district court correctly noted that although the plaintiffs may qualify as intended beneficiaries of the statutes and regulations and, thereby, have standing to enforce them, *City of Inglewood v. City of Los Angeles,* 451 F.2d 948, 955–56 (9th Cir. 1972), the plaintiffs should first exhaust their administrative remedies. *Id.* The regulations of the FAA provide that "[a]ny person who knows of a violation of the Federal Aviation Act of 1958, or of any regulation or order issued under it, may report it to appropriate personnel of an FAA regional or district office," and that each such report "is investigated by FAA personnel." The results of the investigation "are the basis for determining the enforcement action that the FAA will take." 14 C.F.R. § 13.1. The plaintiffs have failed to indicate why, if the County is violating provisions of the Federal Aviation Act or any regulations issued

thereunder, adequate relief is not available through the FAA.

*VI. Nuisance, Negligence, Violation of State Law.*

■ The remainder of the plaintiffs' claims charge both defendants with common law nuisance and negligence and violation of § 114.04 of the Wisconsin Statutes, which makes it unlawful, *inter alia,* for an aircraft to fly "at such a low altitude as to interfere with the then existing use to which the land or water, or the space over the land or water, is put by the owner." These claims are apparently based on pendent jurisdiction. The district court held that even if it were to consider these allegations, see *United Mine Workers v. Gibbs,* 383 U.S. 715, 725–26, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), the plaintiffs' action on these counts could not be maintained. We agree.

Since the federal laws and regulations have preempted local control of aircraft flights, *Burbank, supra,* the defendants may not, to the extent they comply with such federal laws and regulations, be charged with negligence or creating a nuisance. Similarly, § 114.04 of the Wisconsin Statutes cannot be invoked to make unlawful flights which are in accordance with federal laws and regulations. If, as the plaintiffs allege, the aircraft flights have resulted in the "taking" of their property, the plaintiffs have actions at law to recover just compensation from the County. *Griggs, supra;* Section III, *supra.* To the extent that the County may be violating the federal laws or regulations, the plaintiffs should, as explained in Section V, supra, exhaust their administrative remedies.

**5.** 42 U.S.C. § 1857f–11 provides:

"No State or political subdivision thereof may adopt or attempt to enforce any standard respecting emissions of any air pollutant from any aircraft or engine thereof unless such standard is identical to a standard applicable to such aircraft under this part."

**6.** There was no allegation in the complaint that the defendant airlines had violated any federal regulation. The plaintiffs suggest, on appeal, that we should infer a violation of the regulations by the airlines from the plaintiffs'

allegation that the aircraft flew at "unreasonably low altitudes." We find this contention unpersuasive. Not only did the plaintiffs fail to allege a violation of the federal regulations by the airlines, the complaint itself states that "such use of General Mitchell Field by the [defendant airlines] was governed by various provisions of Federal law and has been regulated by the rules and regulations of the Federal Aviation Administration." The plaintiffs, moreover, never asked leave to replead.

The district court's dismissal of the complaint is affirmed in all respects except in regard to the plaintiffs' Fourteenth Amendment claim for damages against the County. With respect to that claim, the matter is remanded to the district court with directions that the court retain jurisdiction pending the outcome of the state inverse condemnation proceedings.

Affirmed in part; judgment vacated and remanded in part.