ROCKDALE INDUSTRIES,
INC., Plaintiff,

v.

The UNITED STATES of America; the
United States Department of Transpor-
tation; Andrew Lewis, in his official
capacity as Secretary of the United
States Department of Transportation;
the Federal Aviation Administration;
and John Doe, Defendants.

Civ. A. No. C80–1765a.

United States District Court,
N. D. Georgia,
Atlanta Division.

July 7, 1981.

Michael Mears, Charles Allen, Decatur,
Ga., for plaintiff.

Lawrence E. Gill, Atlanta, Ga., for de-
fendants.

## ORDER OF COURT

HORACE T. WARD, District Judge.

This is an action based on the Airport and
Airway Development Act of 1970, 49 U.S.C.

§ 1701 *et seq.* Plaintiff is the owner of a tract of land adjacent to the present western boundary of the Savannah Municipal Airport, and seeks to enjoin defendants from disbursing funds to the Savannah Airport Commission for completion of an expansion of airport and airport-related facilities which will entail condemnation of its tract. It is contended by the plaintiff that government acquisition of the land will constitute a taking of its property without due process of law. Plaintiff initially sought a temporary restraining order under Fed.R. Civ.P. 65(b), but withdrew that motion on October 15, 1980.

Count One of the complaint alleges that the property is not sought to be acquired pursuant to a legitimate public purpose under Georgia law, but rather to allow the Savannah Airport Commission to speculate in real estate. Count Two states that "no assurance satisfactory to the Secretary that good title will be acquired to the tract of land owned by the Plaintiff was or could have been given to the Secretary." Count Three complains that the Department of Transportation did not consult with other federal agencies with regard to the impact of the proposed acquisition and resulting development project on natural resources in the area of the Savannah Airport. The fourth count alleges that none of the mandatory hearings required by 49 U.S.C. § 1716(d)(1) have been held. Count Five contends that neither Governor Busbee nor the administrator of the Environmental Protection Agency have certified to the Secretary of the Department of Transportation reasonable assurance that the project will comply with air and water quality standards. The first five counts, which are prerequisites to approval of a project by the Secretary of Transportation, allege facts which, it is claimed, demonstrate that the Secretary could not lawfully have approved the project, and that the defendants may

not lawfully disburse funds for its completion. Count Six states that the Secretary of Transportation has not formulated proposed development plans for motel accommodations and golf courses to be located on the property in question, because the National Airport System Plan contains no authorization for the disbursement of federal funds to such purposes. Count Seven states that the Savannah Airport Commission has not complied with the Airport and Airway Development Act of 1970 because the stated purposes are not permitted under that Act. The eighth and final count of the complaint states that purchase of plaintiff's land for the above-stated intentions will deprive plaintiff of his property without due process of law. In consequence of the allegations raised in its complaint plaintiff seeks permanent injunctive relief enjoining defendants from disbursing further funds to the Savannah Airport Commission for the project in question, as well as fees and costs for this action.

■ Defendants initially argue that the Anti-Injunction Act, 28 U.S.C. § 2283,[1] bars the relief sought. The defendants claim that a grant of the injunction sought would amount to indirect interference with the Chatham County condemnation proceeding by making the Savannah Airport Commission unable to compensate land owners. This argument is made by defendants only in a footnote in their initial brief, and cannot prevail because it overestimates the reach of the Anti-Injunction Act. The Savannah Airport Commission, plaintiff in the Chatham County condemnation action[2], is not a party to the instant case, nor are any of the instant defendants parties to that state court action. While orders which indirectly tend to enjoin state court proceedings are prohibited by the Anti-Injunction Act, *see, e. g., Harrison v. Triplex Gold Mines*, 33 F.2d 667 (1st Cir. 1929), as are orders which enjoin the parties to state cases rather than

1. "A court of the United States may not grant an injunction to stay proceedings in a State Court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

2. *Savannah Airport Commission v. 194.2 Acres of Land, et al.,* (Chatham Cty.Super.Ct., Civil Action No. 15884–0).

the actions themselves, *Oklahoma Packing Company v. Oklahoma Gas & Electric Company*, 309 U.S. 4, 60 S.Ct. 215, 84 L.Ed. 447 (1940), the situation at bar threatens the state condemnation proceeding so indirectly that it does not come within the purview of the Act. This action is brought under a federal statute to prevent the unauthorized disbursement of funds. As with many other federal court proceedings, it may have an adverse impact on state actions. This impact, however, is but a byproduct of the thrust of the litigation, which is the enforcement of a federal law. *Cf. Walkerfield, Colorado, Public Airport Authority v. Adams*, 606 F.2d 290 (10th Cir. 1979).

■ Plaintiff's action must nevertheless be dismissed for an even more basic reason: failure to exhaust administrative remedies. Section Five of the complaint states that FAA officials were contacted when plaintiff learned that the Savannah Airport Commission intended to use federal funds to condemn its tract. Rockdale Industries was informed that the FAA "merely gave routine approval to new project applications" and was in no way responsible for the condemnation of plaintiff's land. This information was provided to James Topple, President of Rockdale Industries, by "appropriate officials" of the FAA in Atlanta. There is no indication that any further efforts were made to secure administrative relief. The Act upon which this action is based places many duties concerning submission and approval of projects for airport development upon the Secretary of Transportation. 49 U.S.C. § 1716. Alleged breaches of these duties form the basis of plaintiff's action. 49 C.F.R. § 1.47 is a regulation delegating some of the Secretary's duties to the Federal Aviation Administrator, including the duty to carry out most functions vested in the Secretary by the Airport and Airway Development Act of 1970. *Id.* at § 1.47(f)(1), (3). The Administrator has by regulation provided an administrative remedy in 14 C.F.R. § 13.5, which provides for the filing of formal complaints

with respect to anything done or admitted to be done by any person in contravention of any provision of any Act or of any regulation or order issued under it, as to matters within the jurisdiction of the Administrator.

It requires the submission of a formal complaint to Washington. 14 C.F.R. § 13.11 provides for various means by which administrative disposition of violations may be carried out. The plaintiff has apparently made no attempt to utilize this procedure for the nonjudicial resolution of difficulties connected with enforcement of the Airport and Airway Development Act. To the extent plaintiff's claims are based on violations of that Act, they must be dismissed for failure to exhaust administrative avenues of relief. *Accord, Luedtke v. County of Milwaukee*, 521 F.2d 387, 391 (7th Cir. 1975); *Inglewood v. Los Angeles*, 451 F.2d 948, 956 (9th Cir. 1971).

■ The only count in the complaint which is not specifically based on a provision of the 1970 Act is Count Eight. There, it is alleged that permitting the defendants to disburse money to the Savannah Airport Commission in order to acquire land for use as a golf course and motel will deprive plaintiff of its property without due process of law. Plaintiff admits, however, that a condemnation proceeding is now pending in the Superior Court of Chatham County. The plaintiff has not challenged the legitimacy of this proceeding and would appear to have no due process remedy at this time. No cognizable claim has therefore been stated. To the extent that Count Eight is based on a violation of FAA regulations, see Plaintiff's Brief in Opposition to Defendants' Motion to Dismiss or for Summary Judgment at 12, the administrative remedy provided under those regulations has not been pursued.

Counts One through Seven are accordingly DISMISSED for plaintiff's failure to exhaust its administrative remedies, but without prejudice to the filing of a subsequent complaint based on the same allegations should administrative remedies be exhausted. Count Eight is DISMISSED for failure

to state a claim on which relief can be granted and, to the extent it alleges a statutory violation, for failure to exhaust administrative avenues of relief.

